[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2009
THOMAS K. KAHN
CLERK

No. 08-16072
Non-Argument Calendar

_____

D. C. Docket No. 08-00129-CR-ORL-31-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 24, 2009)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Frank Gonzales appeals the sophisticated means sentence enhancement that was imposed on him after he pled guilty to eleven counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. On appeal, Gonzales argues he did not engage in the complex or intricate conduct necessary for a sophisticated means enhancement because he set up two shell companies merely as a method of stealing money from his employer, and "[h]e did not try to disguise or launder the money in any way."

The Sentencing Guidelines provide for an enhancement of two levels if the offense in question "involved sophisticated means." U.S.S.G. § 2B1.1(b)(9)(C). Application Note 8(B) to that guideline states that:

> "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

U.S.S.G. § 2B1.1, App. n. 8(B). We review for clear error the finding and imposition of a sophisticated means enhancement. *United States v. Robertson*, 493 F.3d 1322, 1329-30 (11th Cir. 2007).

The district court did not commit clear error by finding that a sophisticated means enhancement should be imposed on Gonzales because he set up two shell companies and falsified his employer's internal paperwork so that his employer

2

would ultimately wind up paying more than $185,000 to those companies. *See id.* (upholding a sophisticated means enhancement for a defendant who used shell entities to take advantage of his victim and switched entities every 30 days to avoid detection). Accordingly, we hereby affirm the district court's decision.

    **AFFIRMED.**